IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Criminal Action No. 10-321 |
| | : Civil No. 16-219 |
| AXEL GOMEZ | : |

PRATTER, J.                                                                                       OCTOBER 12, 2016

## MEMORANDUM

In his §2255 petition, Axel Gomez claims that his trial and appellate counsel were ineffective, the former for failing to cross examine a witness about issues that Mr. Gomez believes would have demonstrated his innocence of at least one charge and the latter for failing to raise on appeal an argument concerning the sufficiency of the evidence relating to another charge, and that the Court erred when it did not grant him a downward departure because of his diminished capacity. The Government opposes Mr. Gomez's petition, arguing that neither counsel provided ineffective assistance and that Mr. Gomez's sentencing argument is both procedurally defaulted and meritless. For the reasons discussed below, the Court will deny Mr. Gomez's petition.

## BACKGROUND[1]

In October, 2012, Mr. Gomez was tried and convicted of one count of conspiracy to distribute cocaine and heroin, one count of distribution of cocaine, five counts of distribution of heroin, one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by a convicted felon in

---

[1] Rather than engage in a recitation of all of the evidence presented at trial, the Court will discuss only those facts relevant to Mr. Gomez's petition when the Court deals with Mr. Gomez's specific arguments for relief.

1

violation of 18 U.S.C. § 922(g). At trial, counsel moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal on the § 924(c) charge, arguing that the evidence was insufficient to connect the gun found in Mr. Gomez's apartment to any drug trafficking activity. The Court denied the motion.

Mr. Gomez was later sentenced to 25 years' imprisonment – the mandatory minimum of 20 years for the conspiracy count, plus the mandatory minimum of 5 years for the § 924(c) offense. He filed a timely appeal, and on July 7, 2014, the Third Circuit Court of Appeals affirmed the judgment. The Supreme Court denied Mr. Gomez's petition for a writ of certiorari in January of 2015, and Mr. Gomez filed this petition in January of 2016.

## DISCUSSION

### A. Appellate Counsel

Mr. Gomez argues that his appellate counsel was ineffective for failing to challenge the denial of his Rule 29 motion on appeal. Ineffective assistance claims must be measured against *Strickland v. Washington,* 466 U.S. 668 (1984). The legal standards articulated in *Strickland* are well-settled and straight forward. To succeed with his motion Mr. Gomez must show (1) that his lawyer's performance fell below an objective standard of reasonableness in the rendering of his professional duties, and (2) therefore, counsel's error(s) prejudiced Mr. Gomez in some demonstrable way. The burden placed upon the proponent of such a claim is a heavy one. *Id.* at 689. Analytically, because failure to establish prejudice would make it unnecessary to evaluate the quality of counsel's services, the Court will first focus on the question of prejudice. *McAleese v. Mazurkiewicz,* 1 F.3d 159, 171 (3d Cir. 1993); *United States v. Fulford,* 825 F.2d 3, 8 (3d Cir. 1987). Put another way, if there was no reasonable probability that Mr. Gomez's argument would have succeeded on appeal, then his counsel's failure to advance it on appeal

2

cannot have prejudiced Mr. Gomez in any way and Mr. Gomez cannot meet the *Strickland* standard.

Mr. Gomez's Rule 29 motion at trial focused on the evidence relating to the § 924(c) charge. In that motion he argued that there was insufficient evidence connecting the gun to drug trafficking. To show a violation of § 924(c):

> [T]he evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime. In making this determination, the following nonexclusive factors are relevant:
> > the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (citations omitted). Evidence presented at trial revealed that the firearm in question was found hidden in the broiler compartment of the oven in Mr. Gomez's kitchen. Also found in the kitchen were drug packaging materials and a digital scale, and nearly $6,000 in cash was found in the bedroom and hall closet. Coconspirators also testified that they had delivered drugs to Mr. Gomez at his apartment, and that Mr. Gomez called the apartment his "office." Three months before his apartment was searched by law enforcement, Mr. Gomez met with a coconspirator in the parking lot behind the apartment, and in a recorded call, Mr. Gomez asked an associate to remove incriminating evidence from the apartment when he thought law enforcement were nearby. In addition, as is apparent from Mr. Gomez's conviction under § 922(g), Mr. Gomez's possession of the gun was illegal.

Mr. Gomez points out that all of the transactions at or near the apartment took place months before the search of his apartment. Therefore, he argues, there is no continuity that would allow an inference that the gun had anything to do with drug trafficking. Mr. Gomez

relies heavily on two cases: *Sparrow*, 371 F.3d 851, which he distinguishes; and *United States v. Iiland*, 254 F.3d 1264 (10th Cir. 2001), which he claims is parallel to his case.

In *Sparrow*, the Third Circuit Court of Appeals held that while "mere presence" of a gun is not enough to support a § 924(c) conviction, there was a sufficient nexus between the gun and drug trafficking activity when the gun was "strategically located" under a floorboard with Ziploc bags of marijuana and $140 in cash. *Sparrow*, 371 F.3d at 853-54. Mr. Gomez argues that the gun found in the broiler compartment of his oven was not "strategically located" or easily accessible and that his appellate counsel therefore was constitutionally deficient for failing to raise the argument. Mr. Gomez, however, ignores that in *Sparrow*, the *habeas* petitioner also specifically argued that his gun was not accessible because it took a crow bar to open the hidden floor compartment, and, in addressing that argument, the Third Circuit Court of Appeals cited several cases in which convictions were upheld and in which the firearms in question were not easily or immediately accessible. *See id*.

In *Iiland*, the Tenth Circuit Court of Appeals overturned a § 924(c) conviction when the gun at issue was found at an apartment, along with a scale and ammunition, while drugs were found elsewhere, in a storage unit. *Iiland*, 254 F.3d 1264. Under those circumstances, the court failed to find a direct connection between the gun and the drug transactions. *Id.* at 1274. Mr. Gomez argues that his case is closely analogous to *Iiland*, and that this Court should therefore find his counsel ineffective for failing to pursue his argument in the Third Circuit Court of Appeals. However, Mr. Gomez ignores the evidence tying drug activity directly to his apartment – evidence that appears to have been entirely lacking in *Iiland*. Albeit separated in time from the recovery of the gun, the Government presented evidence directly tying his drug activity to his apartment.

As this Court has already held in denying Mr. Gomez's original Rule 29 motion, the evidence was sufficient for a reasonable juror to tie his gun to his drug trafficking activity, and the Third Circuit Court of Appeals would likely have held as much had Mr. Gomez's appellate counsel presented the argument on appeal. Therefore, Mr. Gomez's appellate counsel's failure to raise the argument on appeal could not have prejudiced Mr. Gomez.

## B. Trial Counsel

Mr. Gomez also finds fault in his trial counsel. He argues that trial counsel failed to cross examine DEA Special Agent Calam effectively. More specifically, a coconspirator testified that he delivered 600 grams of heroin to Mr. Gomez, who was then to transfer the heroin to Eleizer Colon-Sanchez. After Mr. Colon-Sanchez met with Mr. Gomez, he made a few stops in Pennsylvania and was then stopped by Agent Calam in New Jersey. Agent Calam, however, found no heroin in Mr. Colon-Sanchez's car. Not the subject of cross examination was an intercepted call between Mr. Gomez and Mr. Colon-Sanchez, in which the two discussed Buffalo as the heroin's ultimate intended destination. Mr. Gomez contends that his counsel should have questioned Agent Calam about this call. He claims that the call shows that the heroin in question was intended for Buffalo, and that, equipped with this information, the jury would have inferred not that the Buffalo-bound heroin was instead dropped off in the Philadelphia area before Mr. Colon-Sanchez was stopped, but rather that there was no heroin exchanged that day (*i.e.*, if Mr. Colon-Sanchez was not taking the heroin to Buffalo, he must not have had the heroin at all).

The Court cannot find that trial counsel was ineffective in failing to cross examine Agent Calam on this issue. As the Government points out, had counsel introduced this topic during cross examination, counsel necessarily would have presenting evidence to the jury that Mr. Gomez himself discussed a 600-gram heroin transaction with Mr. Colon-Sanchez. Evidence

5

straight from Mr. Gomez's mouth regarding the transaction would likely have weighed more heavily in favor of a finding that the transaction occurred than in favor of a finding that no heroin was exchanged all. Thus, Mr. Gomez's argument falls far short of showing a "reasonable probability" that counsel's strategy was responsible for Mr. Gomez's conviction.

### C. Sentencing

Mr. Gomez argues that the Court erred in not granting him a downward departure at sentencing because of his mental or emotional state. However, Mr. Gomez did not raise this issue on appeal, and it is therefore procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Even if it was not, Mr. Gomez received the mandatory minimum sentence under the law, and the Court could not have granted any downward departure under those circumstances, so his claim is without merit.[2] In his reply to the Government's opposition, Mr. Gomez recognizes that this claim is fatally flawed and appears to concede as much.

### D.   Mr. Gomez is not entitled to an evidentiary hearing.

If the "files and records of the case conclusively show that the prisoner is entitled to no relief," the Court may deny a habeas petition without an evidentiary hearing. 28 U.S.C. § 2255; *see also Government of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984) (district court has discretion regarding the decision to hold an evidentiary hearing on a § 2255 petition; "The district court need only supplement the factual record when the merits of the section 2255 motion may turn on the truth of a non-frivolous allegation."). Here, it is clear that, even accepting his allegations as true and drawing all factual inferences in favor of Mr. Gomez, he still is not entitled to habeas relief.

---

[2] To the extent that Mr. Gomez also challenges his trial counsel's effectiveness for not seeking a downward departure, that argument must fail for the same reason.

6

**CONCLUSION**

For the reasons discussed above, Mr. Gomez's §2255 petition will be denied. An appropriate order follows.

BY THE COURT:

*[signature]*

GENE E.K. PRATTER
United States District Judge
